AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

2019 OCT -7  AM 10: 49

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Julian Ray CENTENO | ) | Case No. |
| and | ) | |
| Matthew Gabriel GUZMAN | ) | EP-19-M-8804-RFC(1)(2) |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 4, 2019__ in the county of __El Paso__ in the __Western__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1324 (a)(1)(A)(ii) and (a)(1)(B)(i) | knowing and in reckless disregard of the fact that an alien has come to, entered, and remained in the United States in violation of law, did transport, move, and attempt to transport and move such alien within the United States in furtherance of said violation of law, for the purpose of commercial advantage and private financial gain. |

This criminal complaint is based on these facts:
SEE AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*

Jason Roane, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __10/07/2019__

*Judge's signature*

City and state: __El Paso, Texas__     Robert F. Castaneda, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

On October 4, 2019, Homeland Security Investigations (HSI) Border Enforcement Security Taskforce (BEST) Special Agents (SAs) received a call from Border Patrol Agents (BPAs) assigned to the US Border Patrol Checkpoint at 5542 Highway 62/180 at Desert Haven, Texas, regarding two United States Citizens who had been arrested for violations of 8 United States Code, Section 1324, Transporting an Alien in the United States.

At approximately 2045 hours, HSI BEST SAs responded to the US Border Patrol Checkpoint at 5542 Highway 62/180 at Desert Haven, Texas and contacted BPAs who advised the following:

That at approximately 1855 hours, BPAs were working the primary inspection area of the US Border Patrol Checkpoint on Highway 62/180 at Desert Haven, Texas when a white 2012 Chevrolet Malibu bearing Texas License Plate (TLP) KZN3434 entered the primary checkpoint lane for inspection. Upon initial contact with the rear seat passenger (later charged as a Material Witness (MW) under 18 USC Section 3144) BPAs became suspicious when the MW would not address them directly when asked his/her citizenship but would look at the driver for confirmation. Based on that fact, BPAs requested the driver move the vehicle to the secondary inspection lane, which he did. BPAs then asked all occupants to exit the vehicle and upon questioning of the MW, he/she openly admitted that he/she was not in possession of immigration papers allowing him/her to enter, remain in, or travel inside the United States legally. The MW, a citizen and national of Ecuador, told the BPAs that he/she had crossed illegally into the United States through the southern United States border with Mexico on October 3, 2019, not at a designated point of entry and without presenting himself/herself for inspection by an immigration officer.

All three (3) subjects were arrested and advised of their rights per Miranda. All three (3) subjects stated that they would speak with BPAs without the presence of an attorney.

The below is an interview summary. It is not intended to be a verbatim account and does not memorialize all statements made during the interview.

During interviews, the driver, identified as Julian Ray CENTENO, stated that he had agreed to take a job, through a friend of his, that involved driving from Houston, Texas to El Paso, Texas in order to pick up and transport illegal aliens (IAs) for money. CENTENO stated that he had in fact driven from Houston, Texas to El Paso, Texas on October 3, 2019, had met with a subject and had taken custody of the MW, who he believed was illegally inside the United States at the time he agreed to transport the MW to Houston, Texas. After taking custody of the MW, CENTENO was paid approximately $800 to then transport the MW back to Houston, Texas and was on his way to Houston, Texas when he stopped at the Border Patrol Checkpoint on Highway 62/180, initiating this incident.

The subject who had been the front seat passenger, identified as Matthew Gabriel GUZMAN, told BPAs that he had been contacted by CENTENO who agreed to pay him half of the money he received for transporting IAs from El Paso, Texas to Houston, Texas if GUZMAN would accompany CENTENO on the trip. GUZMAN agreed to travel with CENTENO to El Paso, Texas for the purpose of transporting IAs back from El Paso, Texas to Houston, Texas for profit. GUZMAN further stated that CENTENO had originally told him that they were to pick up four (4) IAs and be paid $2400, but that once they arrived in El Paso, Texas, only one (1) of the IAs was ready to be transported to Houston, Texas. GUZMAN confirmed that he and CENTENO had met with a subject and had taken custody of the MW, which they believed was in the United States illegally, in order to transport him/her back to Houston, Texas. GUZMAN also confirmed that they had been paid for transporting the MW to Houston, Texas by the same subject who had transferred the MW to their custody.

HSI SAs arrived and after being briefed by BPAs, contacted CENTENO, GUZMAN and the MW. All three confirmed the information that was previously told to the BPAs during the initial interviews. Both CENTENO and GUZMAN confirmed that they had traveled from Houston, Texas to El Paso, Texas and had taken custody of the MW, knowing he/she was illegally in the United States. Both subjects confirmed that they were in the process of transporting that IA back to Houston, Texas and had been paid for doing so.

All three (3) subjects were processed at the Border Patrol Checkpoint and were then transferred to HSI SAs custody for lodging in the El Paso County Jail.

BEST agents contacted and presented the case to the duty Assistant United States Attorney. The case was accepted for federal prosecution.

The above information is personally known to me based on my own investigation or has been related to me by other individuals, including law enforcement officers involved in the investigation. This Affidavit is being submitted for the limited purpose of establishing probable cause as set forth herein, therefore, I have not included each and every fact known to me concerning this investigation.